IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03261-PAB

OSCAR ALBERTO ALONSO GOMEZ,

Petitioner,

v.

WARDEN, Aurora ICE Processing Center,

Respondent.

---

**ORDER**

---

This matter comes before the Court on Oscar Alberto Alonso Gomez's *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("amended petition"). Docket No. 10. Respondents filed a response. Docket No. 18.[1]

## I. BACKGROUND[2]

Petitioner is a native and citizen of Nicaragua who entered the United States in 2020 or 2021 and was paroled into the community. Docket No. 1 at 2-3; Docket No. 10 at 6. On April 25, 2026, petitioner was arrested by local law enforcement on allegations of disorderly conduct while intoxicated and resisting arrest. Docket No. 1 at 3; Docket No. 10 at 6. He was detained for approximately two months before he

[1] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The following facts, which are set forth in the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Docket No. 1, and the amended petition, Docket No. 10, are undisputed unless otherwise noted.

was released on bond. Docket No. 1 at 3; Docket No. 10 at 6. Upon his release from jail, petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") officers on July 3, 2026. Docket No. 1 at 3; Docket No. 10 at 6. He is currently confined at an immigration detention facility in Aurora, Colorado. *Id.* Petitioner does not have any criminal convictions. Docket No. 1 at 3; Docket No. 10 at 6. His application for asylum is pending. *Id.* Proceedings to remove him from the United States are also pending. Docket No. 1 at 3; Docket No. 10 at 6. Petitioner states that at some point during his immigration detention he was "provided a constitutional[ly] defective bond hearing," "was denied a bond without any procedural safeguards or proper protocols in the bond hearing," was not given sufficient notice or an "opportunity to present [his] evidence," and the "immigration judge used the wrong burden." Docket No. 10 at 2-3.

Petitioner asserts the following claims: (1) his continued detention under 8 U.S.C. § 1226(a) "without an individualized bond hearing before a neutral decisionmaker, at which the Government bears the burden of justifying detention by clear and convincing evidence" violates his Fifth Amendment procedural due process rights; and (2) his prolonged detention, absent determination that he is a flight risk or danger that cannot be mitigated by conditions of supervised release, violates his substantive due process rights. *See* Docket No. 1 at 5; Docket No. 10 at 2. For relief, petitioner asks the Court to order the government to provide him with an individualized bond hearing before an Immigration Judge at which the government bears the burden of proof to justify his continued detention by clear and convincing

evidence and to order his immediate release if a constitutionally-adequate bond hearing is not provided. Docket No. 1 at 6; Docket No. 10 at 4.

In response to the amended petition, respondent states: "[f]or purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 18 at 1-2.

## II. ANALYSIS

Petitioner claims that he is being detained in violation of his federal due process rights. *See* Docket No. 1 at 5; Docket No. 10 at 2.

Pursuant to *Mathews v. Eldridge*, 424 U.S. 319 (1976), the court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

The first factor weighs in favor of petitioner because a "person's physical freedom is the most elemental of liberty interests." *See Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted).

Relevant to the second factor is petitioner's uncontested statement that, upon entering the United States, he was paroled into the community. In releasing petitioner on parole, the respondent necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Given respondent's failure to explain why petitioner's parole was revoked or identify any change in circumstances that

alters the initial determination that petitioner is not a danger to the community or a flight risk, "there is a significant risk of the erroneous deprivation of petitioner's liberty interest." *See Araque Salas v. Venturalla,* No. 26-cv-03459-PAB, 2026 WL 2508220, at *1 (D. Colo. Aug. 26, 2026); *see also Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby*, 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest." *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025). Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that "the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty." *Araque Salas*, 2026 WL 2508220, at *2; *see also Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor also weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondent does not contend otherwise, nor does respondent maintain that petitioner is a flight risk or danger to the community or provide a reason for the termination of petitioner's parole. While respondent "submit[s] that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner," Docket No. 18 at 1-2, respondent does not explain why this relief is proper when respondent has failed to contest the

allegations in the petition and amended petition. Thus, the Court will grant the amended petition.

Petitioner requests an order for his immediate release if a constitutionally-adequate bond hearing is not provided. Docket No. 1 at 6; Docket No. 10 at 4. The Court finds that the appropriate remedy is to order petitioner's immediate release. *See Araque Salas*, 2026 WL 2508220, at *2; *see also Perez-Cifuentes*, 2026 WL 1733489, at *3) ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination.") (internal quotations and citation omitted); *see also Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/ own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community Respondents do not otherwise argue that Petitioner poses such risk or danger.") (internal quotation and citation omitted); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by

the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

**III. CONCLUSION**

Therefore, it is

**ORDERED** that Oscar Alberto Alonso Gomez's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 10] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner Oscar Alberto Alonso Gomez within **48 hours**. It is further

**ORDERED** that the parties shall file a status report within **4 days** of petitioner's release. It is further

**ORDERED** that Emergency Motion for Temporary Restraining Order [Docket No. 3], filed by petitioner on July 20, 2026, is **DENIED as moot**.

DATED September 9, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge